IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                  Docket No.1:09CR00072

vs.

MIKHAIL STRUTSOVSKIY

              Defendant

_____

        PLEASE TAKE NOTICE, that upon the annexed affirmation of Patrick J. Brown, Esq. dated the     of October, 2011, the undersigned respectfully moves this Court for an order pursuant to 18 U.S.C. §3564(c) and Fed. R. Crim. P. 32.1(c) (2) modifying the term of the Defendant's probation based upon his compliance and payment in full of Court ordered restitution and terminating the remainder of the term of probation.

Dated:  Buffalo, New York
       October 11, 2011

                                                       S/ Patrick J. Brown

                                                       Patrick J. Brown, Esq.
                                                       LoTempio & Brown P.C.
                                                       Office and Post Office Address
                                                       181 Franklin Street
                                                       Buffalo, New York    14202
                                                       (716) 855-3761

TO: John E. Rogowski, Esq.
     Assistant U.S. Attorney
     Federal Centre
     138 Delaware Avenue
     Buffalo, New York    14202

     Christopher Collura
     U.S. Probation Service
     U.S. Courthouse
     68 Court Street
     Buffalo, New York    14202

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                    Docket No.1:09CR00072

vs.

MIKHAIL STRUTSOVSKIY
                                    Affirmation
            Defendant
_____

        Patrick J. Brown, Esq., an attorney duly admitted to practice before this Court, affirms the following under penalty of perjury:

        1. The undersigned is the attorney for the defendant in the above action and makes this affirmation in support of the defendant's motion seeking early release from the term of probation imposed by the Court at sentencing.

        2. The defendant pled guilty on March 2, 2009 to a One-Count Information charging him with aiding and abetting a false statement related to health care fraud in violation of 18 U.S.C. §1035(a)(2) and §2. The Court, on July 27, 2009 sentenced him to among other things, a term of three years probation which will expire in July of 2012, and ordered restitution in the amount of $131,138. At the present time, there is approximately 9 months remaining in the Defendant's probation term.

        3. The defendant has been entirely compliant with the terns and conditions of probation and has made payment in full of the Court ordered restitution amount.

        4. The defendant continues to practice medicine in the Buffalo area, remains married and lives here with his wife and young children.

        5. However, the Defendant is finding it increasingly difficult to maintain his medical practice at this time. This is because he is experiencing economic pressure related to his inability to obtain a so-called provider number from health insurance companies based upon his inability to obtain medical malpractice insurance. The medical malpractice insurance carriers will not insure the Defendant because he has a probationary medical license. The probationary status of his medical

license is directly tied to the term of probation imposed in the instant action.

    6. Dr. Strutsovskiy understands that he has himself alone to blame for these circumstances. He acknowledges that had he not engaged in the conduct leading to his conviction, he would not be facing his current difficulties. He made arrangements to obtain the funds necessary to pay the restitution prior to the expiration of his term of probation in part as a demonstration of his sincerity and desire to comply with the requirements of his probation. He is mindful that the Court could have incarcerated him for his crime. At the same time, it is the case that he has been on probation for approximately two years and has been entirely compliant. His request to have his probation terminated early is motivated solely by a desire to maintain economic vitality in his medical practice which, in addition to benefiting he and his family is also a benefit to the community of patients whom he serves.

    7. Because the Defendant cannot obtain medical malpractice insurance, he is unable to obtain authorization to treat claimants with Workers' Compensation cases. Normally, Workers' Compensation patients would comprise a large portion of this Defendant's medical practice, however, the Workers' Compensation insurance carriers will not authorize treatment by physicians who do not maintain medical malpractice insurance. This results in a financial hardship to the Defendant and his family. Moreover, Blue Cross, Blue Shield and Independent Health insurers will not authorize treatment performed by physicians not carrying medical malpractice insurance and this, too, has resulted in a substantial financial hardship to the Defendant. This is because he cannot obtain a provider number from these companies without producing proof of medical malpractice insurance.

    8. Attached as Exhibit A is a copy of a report from the New York State Department of Health Office of Professional Medical Conduct. It can be seen that the sanction imposed against the Defendant's license includes a three year probationary term to run concurrent and <u>coterminous</u> with the term of probation imposed by this Court. The Defendant has been informed that at the time this Court's term of probartion ends, so too will the probation imposed by the Health Department.

    9. In the past, the Defendant traveled to Honduras approximately twice annually to provide medical attention desperately needed by individuals in that country who lack the financial

resources to pay for medical treatment. If his probation is terminated early, the Defendant will be able to resume these trips.

      10. The Defendant has no criminal history other than the instant offense. There is no reason to believe that his early release from probation will result in any danger to the community. Moreover, the Defendant spends the bulk of his waking hours at work. When not working at his medical practice, he spends time with his wife and young family.

      11. The undersigned has discussed this motion with the Defendant's supervising probation officer who has no objection to this request.

Dated: Buffalo, New York
      October 11, 2011

                                                                       S/ Patrick J. Brown
                                                                       _____

United States District Court
Western District of New York

United States of America                    Docket 1:07CR00072

            v.

Mikhail Strutsovskiy

## CERTIFICATE OF SERVICE

  I hereby certify that on October  , 2011 I personally filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

  1. John E. Rogowski, Esq.

  2.

  3.

  And, I hereby certify that I have mailed by the United States Postal Service the document to the following non-CM/ECF participants:

  1. Christopher Collura

  2.

  3.

              S/ Jean M. Aleksandrowicz